Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax:  (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Michael David Vallejos-Raymundo

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DAVID VALLEJOS-RAYMUNDO,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 3:26-cv-00068-CLB<br><br>ORDER GRANTING STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE CARLA BALDWIN, MAGISTRATE JUDGE OF

THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their

undersigned counsel, subject to the approval of the Court, that Michael David

-1-

Vallejos-Raymundo ("Vallejos-Raymundo") be awarded attorney fees in the amount of one thousand seven hundred fifty dollars ($1,750.00) and expenses in the amount of zero dollars ($0.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of zero dollars ($0.00) under 28 U.S.C. §§ 1920; 2412.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Vallejos-Raymundo, the government will consider the matter of Vallejos-Raymundo's assignment of EAJA fees to Marc Kalagian.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Vallejos-Raymundo, but if the Department of the Treasury determines that Vallejos-Raymundo does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Vallejos-Raymundo.[1]  Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (EFT) or by check.

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

This stipulation constitutes a compromise settlement of Vallejos-Raymundo's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Vallejos-Raymundo and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: May 1, 2026         Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [2]

BY:_____
Marc V. Kalagian
Attorney for plaintiff
MICHAEL DAVID VALLEJOS-RAYMUNDO

DATED:May 1, 2026         SIGAL CHATTAH
First Assistant United States Attorney

/s/ *Christopher Vieira*

_____
CHRISTOPHER VIEIRA
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social
Security (Per e-mail authorization)

---

[2] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO ORDERED:

_____

THE HONORABLE CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE

DATED: May 4, 2026.

-4-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California  90670.

On this day of May 4, 2026, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Michael David Vallejos-Raymundo
General Delivery
Reno, NV 89523

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian  ___                    /s/ Marc V. Kalagian_____
TYPE OR PRINT NAME                              SIGNATURE

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on December 26, 2024, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Michael David Vallejos-Raymundo**, S.S.N. ▮▮▮-2874 herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Michael David Vallejos-Raymundo's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant and auxiliaries or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $9,200,** whichever is **smaller,** upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to Lupe Storck, not to exceed 25% of fees.

11. The receipt from Claimant of __none__ is hereby acknowledged by attorney to be placed in trust and used for costs.
It is so agreed.


_M. Raymundo_
Michael David Vallejos-Raymundo

Law Offices of Lawrence D. Rohlfing, Inc., CPC
Lawrence D. Rohlfing

/s/ *Marc V. Kalagian*
Marc V. Kalagian


/s/ *Russell J. Rohlfing*

Russell J. Rohlfing

Micheal Vallejos-Raymundo

Attorneys: Marc V. Kalagian; Russell J. Rohlfing
Paralegals: Enedina Perez; Michelle Cruz; Darlene De La Rosa

| Date | Subject | Author | Hours |
|---|---|---|---|
| 1/15/2026 | District Court fee waiver letter to client | EP | 0.5 |
| 1/29/2026 | ECF Filing: complaint, civil cover sheet, IFP | EP | 0.2 |
| 2/3/2026 | Letter to client with DC status upon filing of complaint | DD | 0.4 |
| 4/20/2026 | AC Post Judgment letter (appeals council to remand) | EP | 0.3 |
| 4/21/2026 | Client letter re remand scope and process | DD | 0.4 |
| | Subtotal (EAJA Rate $179) | | 1.8 |

| Date | Subject | Author | Hours |
|---|---|---|---|
| 1/5/2026 | preparation of Fee Waiver Questionnaire | RJR | 0.2 |
| 1/5/2026 | Information letter to client regarding District Court | RJR | 0.75 |
| 1/6/2026 | review for District Court | MVK | 0.5 |
| 1/28/2026 | Complaint Titles II & XVI, preparation of, and related papers | RJR | 1.2 |
| 1/28/2026 | review and revise complaint for filing | MVK | 0.3 |
| 2/2/2026 | reviewed order granting IFP and CMO | MVK | 0.3 |
| 3/25/2026 | review of email from ARC re remand and response | MVK | 0.2 |
| 3/31/2026 | email exchange with ARC re remand proposal | MVK | 0.2 |
| 4/1/2026 | client letter seeking agreement to remand on stipulation | RJR | 0.3 |
| 4/3/2026 | email to ARC re remand | MVK | 0.1 |
| 4/3/2026 | client letter confirming agreement to remand on stipulation | RJR | 0.3 |
| 4/7/2026 | reviewed judgment per stip | MVK | 0.1 |
| 4/27/2026 | Preparation of request for authority | RJR | 0.3 |
| 4/27/2026 | Preparation of EAJA demand | RJR | 0.6 |
| | preparation of EAJA stipulation and order | RJR | 0.4 |
| | Subtotal (EAJA Rate $258.46) | | 5.75 |
| | Lodestar | $ | 1,808.35 |